MORGAN INDUSTRIES, INC. v. SANBORN
MANUFACTURING COMPANY.

210 N. W. 2d 220.

August 17, 1973—No. 43698.

*Joseph W. Parris*, for appellant.

*Johnson, Schmidt, Thompson, Lindstrom & Thompson* and *John C. Lindstrom,* for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Plaintiff brought this action to collect on an account for goods allegedly sold and delivered to defendant. Defendant contended that the goods were sold to a separate corporation and that it is not liable for the debts of that corporation. Defendant also brought a counterclaim seeking damages for abuse of process. The jury returned a special verdict for plaintiff, and defendant appealed from the judgment entered and the order denying its motion for a new trial. The decisive issue on this appeal is whether, as defendant contends, the trial court was too restrictive in defining the issue of liability in its submission of the issue to the jury. We hold that it was and therefore grant defendant a new trial on this issue.

In early 1968 defendant, Sanborn Manufacturing Company, which was then engaged in a number of business endeavors, began selling on a commission basis boats manufactured by plaintiff, Morgan Industries, Inc. This business relationship later changed and for the few months prior to May 6, 1968, plaintiff simply billed defendant directly for boats which defendant purchased outright for resale. On May 6, 1968, a meeting was held and defendant paid all that it owed plaintiff up to that date. Plaintiff claims that it thereafter continued to sell boats to defendant. Defendant claims that it did not buy these boats but that a separate corporation, SMC Marine, Inc., formed by people connected with defendant, bought them.

Because of these conflicting claims, the key issue at trial with respect to liability was whether plaintiff had knowledge or notice that it was doing business with a corporation other than defendant. There was conflicting evidence on this issue. Attempting to show that plaintiff had such knowledge, defendant introduced evidence that (a) in April 1968 defendant informed plaintiff that a new and separate corporation to distribute the boats was being formed by certain people connected with defendant, and plaintiff did not object to this new arrangement; (b) at the meeting of May 6, 1968, defendant made a full and final payment to plaintiff on its account; (c) sometime in mid-May plaintiff contacted a certain banker and asked about the financial condition of the new corporation. On the other hand, plaintiff denied the truth of defendant's evidence and introduced evidence that at all times relevant it had jus-

tifiably thought that defendant corporation was merely establishing a separate division to distribute the boats.

Rather than submit to the jury a more broadly worded question, such as whether plaintiff received notice or acquired knowledge that defendant was going out of the boat business and that a new and separate corporation was being formed to sell boats, and, if plaintiff did receive such notice or knowledge, when, the trial court submitted a very limited question as to whether on May 6, 1968, defendant gave plaintiff such notice. Prior to the court's submission of the case, both parties objected to the court's framing of the issue in such limited terms. We believe that the objection was well taken and that this question, to which the jury gave a negative answer, did not adequately frame the issue of liability for the jury.

Although we grant defendant a new trial on the issue of liability, we do not do so on the issue of damages because at trial defendant did not controvert plaintiff's evidence as to the total amount of damages it suffered.

Reversed and new trial granted on the issue of liability, affirmed on the issue of damages.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.